IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DANNY R. MURPHY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MRC RECEIVABLES CORP., KRAMER & )<br>FRANK, P.C. and MIDLAND CREDIT )<br>MANAGEMENT, INC., )<br>)<br>Defendants. ) | Case No. 06-0299-CV-W-NKL |

## ORDER

Plaintiff Danny R. Murphy ("Murphy") has brought suit against Defendants MRC
Receivables Corp. ("MRC"), Kramer & Frank, P.C. ("Kramer"), and Midland Credit
Management, Inc. ("Midland"), for violations of the Fair Debt Collection Practices Act
("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*. Pending before the Court is Kramer's Motion
for Summary Judgment [Doc. # 28] on the ground that Murphy's causes of action are
barred by the FDCPA's one-year statute of limitations, 15 U.S.C. § 1692k(d). For the
reasons stated herein, Kramer's Motion will be denied.

I.      **Facts**

Kramer is a law firm that handles collection matters on behalf of creditors.
Kramer received one such account for collection from Defendant Midland on behalf of
Defendant MRC. Acting on the information provided to it, on February 16, 2005, Kramer

1

sent a letter to Murphy in which Kramer sought collection of the $3,991.06 due on Murphy's account. The letter indicated that interest would begin to accrue on the outstanding balance as of February 16. On February 19, 2005, Murphy sent Kramer a dispute letter in which he maintained that the debt was not his. Kramer never responded to Murphy's February 19 dispute letter.[1]

Murphy continued to receive collection letters from Kramer after February 19, 2005. A March 1, 2005, letter from Kramer indicated that Murphy owed $4,003.52. Similar letters on March 18, April 13, April 22, May 5 and May 25 sought $4,019.80, $4,044.71, $4,052.38, $4,065.79 and $4,160.18, respectively.

On May 17, 2005, Kramer, acting as counsel for MRC, filed suit against Murphy in state court to collect the outstanding debt. Murphy was served with Kramer's petition and summons on May 27. The state court action was dismissed without prejudice on September 15, 2005. Approximately seven months later, on April 7, 2006, Murphy filed this lawsuit.

## II.    Discussion

Murphy's Complaint states three causes of action against Kramer. First, Murphy claims that Kramer violated 15 U.S.C. § 1692g(b), which requires a debt collector to cease collection of a debt until the debt collector obtains verification of the debt if the consumer notifies the collector that the debt is disputed. Second, Murphy claims that Kramer violated 15 U.S.C. § 1692f(1), which prohibits debt collectors from using unfair

---

[1] Kramer maintains that it never received Murphy's February 19 dispute letter. Where facts are disputed, the Court views the facts in the light most favorable to Murphy, the non-moving party.

2

or unconscionable means to attempt to collect a debt. And, third, Murphy claims that Kramer violated 15 U.S.C. § 1692e(2)(A), which prohibits debt collectors from making false representations of the character, amount or legal status of any debt.

For its part, Kramer argues that all three of Murphy's actions are barred by 15 U.S.C. § 1692k(d), which provides that "[a]n action to enforce any liability created by [the FDCPA] may be brought . . . within one year from the date on which the violation occurs." Murphy filed this lawsuit on April 7, 2006. Thus, any cause of action that accrued prior to April 7, 2005, is barred by Section 1692k(d).

Kramer argues that all of Murphy's claims are barred by the statute of limitations because each accrued when Kramer first sent Murphy a demand letter which violated the FDCPA. Each of the seven letters Kramer sent pertained to the same outstanding account. Four of Kramer's seven letters were sent after April 7, 2005. Kramer argues that these letters cannot form the basis of Murphy's suit because "[n]ew communications concerning an old claim do not start a new period of limitations." *Fraenkel v. Messerli & Kramer, P.A.*, 2004 WL 1765309 at *4 (D. Minn. 2004) (citations and alterations omitted)); *Wilhelm v. Credico Inc.*, 455 F. Supp.2d 1006, 1009 (D. N.D. 2006) (holding that a serial violations theory is not available under the FDCPA).

For his part, Murphy argues that his claims are not barred because Kramer's post-April 7, 2005, letters independently form the basis for his claim: "The statute of limitations does not bar this Court from asserting jurisdiction based on the later

Case 4:06-cv-00299-NKL   Document 48   Filed 01/12/07   Page 3 of 6

communications and the collection suit brought by Kramer & Frank against the Plaintiff."
[Opp. at 5.]

Similar cases have been inconsistently decided by federal district courts. In *Pittman v. J.J. Mac Intyre Co. of Nevada, Inc.*, 969 F. Supp. 609 (D. Nev. 1997), the plaintiff sued the defendant debt collector for FDCPA violations. Of the offending communications, all but three occurred outside the one-year statute of limitations. *Id.* at 611. The court denied the defendant's motion to dismiss and allowed the case to continue based solely on the three non-time-barred communications. *Id.* Similarly, in *Kaplan v. Assetcare, Inc.*, 88 F. Supp.2d 1355 (S.D. Fl. 2000), the plaintiff received five collection letters pertaining to the same outstanding account. *Id.* at 1360. The first of these letters was sent more than one-year prior to the date the plaintiff filed his complaint. *Id.* Citing *Pittman*, the *Kaplan* court allowed the plaintiff's FDCPA claims to continue based on the four non-time-barred letters. *Id.*

On the other hand, in *Fraenkel*, the defendant debt collector sent two letters to the plaintiff more than one-year prior to the date the plaintiff filed his FDCPA complaint. *Fraenkel*, 2004 WL 1765309 at *1. Less than one year prior to the plaintiff's filing, the defendant filed a collection action in state court. *Id.* Unlike the *Pittman* and *Kaplan* courts, the *Fraenkel* court held that the plaintiff's claim, which was based on service of the state court complaint, was time-barred because the complaint repeated the same information alleged in the earlier collection letters. *Id.* at *4. Accordingly, the *Fraenkel* court held that the plaintiff's claim accrued when the collection letters were sent. *Id.*

4

In its holding, the *Fraenkel* court cites *Sierra v. Foster & Garbus*, 48 F. Supp.2d 393 (S.D.N.Y. 1999) in support of its position that new communications do not start a new period of limitations. *Sierra*, however, is readily distinguishable from the instant case. In *Sierra*, the court found that serving a summons and complaint based on an earlier violation of the FDCPA did not constitute a continuing violation. *Id*. at 395. The *Sierra* court noted that its decision did not apply to all FDCPA claims: "This is not a case where defendants have sent a series of threatening letters, each of which violate the FDCPA and only some of which are time-barred." *Id*.

The instant action is most analogous to *Pittman*, *Kaplan* and the *Sierra* exception. Kramer sent seven letters–three of which are time-barred, but four of which are not. The purposes of the FDCPA are "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Precluding Murphy from bringing a FDCPA action against Kramer based on the four non-time-barred letters would effectively immunize debt collectors from liability for any collection letters sent so long as the first letter was sent over one year from the date a plaintiff filed suit. Such a holding would contravene the purposes of the FDCPA. On the other hand, the purpose of the statute of limitation will not be thwarted by permitting Murphy's claim to proceed based on the four non-time-barred letters. Therefore,

5

Murphy's claims based on communications received after April 7, 2005, are not barred by the statute of limitations, 15 U.S.C. § 1692k(d).

## III.    Conclusion

Accordingly, it is hereby

ORDERED that Defendant Kramer & Frank, P.C.'s Motion for Summary Judgment [Doc. # 28] is DENIED.[2]

                                        s/ Nanette K. Laughrey
                                        NANETTE K. LAUGHREY
                                        United States District Judge

Dated:  January 12, 2007
Jefferson City, Missouri

---

[2]Based on its prior discussion with the parties, the Court has not addressed the substance of Kramer's Summary Judgment Motion.  After discovery is completed, those issues can be raised again.